# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN WALCK,

    Plaintiff,

v.                                                                                          No. 1:18-cv-00039 WJ/LF

BERNALILLO COUNTY BOARD OF COMMISSIONERS,
LEONARD ARMIJO, AND PATRICK RAEL,

    Defendants.

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE AND
## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

        This matter comes before the Court *sua sponte* and on Plaintiff's Motion for Summary and Declaratory Judgment, filed April 27, 2018 (**Doc. 18**). Plaintiff is proceeding *pro se*. Because he failed to comply with court orders and failed to prosecute this case or respond to dispositive motions, the Court issues an order to show cause why this case should not be dismissed with prejudice. Furthermore, Plaintiff's Motion for Summary and Declaratory Judgment is not well taken and, therefore, is **DENIED**.

### BACKGROUND

        Plaintiff filed his complaint in state court on December 14, 2017. **Doc. 1.** Plaintiff alleges that on December 17, 2015, Defendants violated his New Mexico constitutional rights by using excessive force during a traffic stop and discriminating against him based on age. **Doc. 1.** Defendants removed this case to this Court on January 12, 2018. **Id.**

        United States Magistrate Judge Laura Fashing held a Rule 16 scheduling conference on

March 2, 2018. Plaintiff failed to appear. Plaintiff also failed to participate in the meet and confer or cooperate in preparing the Joint Status Report. **Doc. 8.**

Judge Fashing issued an order to show cause. **Doc. 9**. The order to show cause directed Plaintiff to provide a written explanation showing good cause why he should not be sanctioned. The order specified that "the failure to comply with this order may result in a recommendation that the Court dismiss Mr. Walck's complaint without further warning." *Id.*

Judge Fashing issued a second order to show cause on March 15, 2018, but it appears that Defendant's response to the first order to show cause arrived that same day. **Doc. 10.** That second order to show cause contained the same warning that "failure to comply with this order may result in a recommendation that the court dismiss Mr. Walck's complaint without further warning." **Id.**

Plaintiff explained in his response that he had approached four different law firms to take his case, but all refused. Notably, Plaintiff attached a declination letter from one of those attorneys, who warned him that he had failed to attend a Rule 16 conference or follow Court orders, and that he was still bound to attend his hearings even while searching for an attorney.

Plaintiff attended a subsequent scheduling conference and at the hearing United States Magistrate Judge Laura Fashing accepted his explanations and entered an order providing as follows: "The Court accepts Mr. Walcks explanation and finds that Mr. Walck has fulfilled the requirements in the Orders to Show Cause to the Court's satisfaction. No sanctions will be imposed at this time." **Doc. 16.**

On April 27, 2018, Plaintiff filed a Motion for Summary and Declaratory Judgment (**Doc. 18**).

On October 4, 2018, Defendants served a Notice of Videotaped Deposition for Plaintiff.

**Doc. 27.** Plaintiff failed to appear at the scheduled deposition on October 19, 2018.

Defendants subsequently filed a Motion to Dismiss for Continued Non-Participation of Plaintiff in Case Management and Discovery, to Include Plaintiff's Failure to Appear for his own Deposition, pursuant to Fed. R. Civ. P. 37(d) and 41(b), filed on November 16, 2018 **(Doc. 28)**. According to Defendants, Plaintiff has failed to seek any discovery in support of his claims. Discovery is now closed. **Doc. 14.** Plaintiff failed to respond to the motion to dismiss or respond to the Notice of Briefing Complete filed by Defendants. **Doc. 31.**

On November 29, 2018, Defendants filed a Motion for Summary Judgement on the Basis of Qualified Immunity and Lack of Evidence (**Doc. 29).** Plaintiff failed to respond to the motion or respond to the Notice of Briefing Complete filed by Defendants. **Doc. 32.**

Finally, it appears that Plaintiff failed to send his portion of his pretrial order to Defendants by January 14, 2019. Plaintiff was directed to do so in the Court's scheduling order. **Doc. 14.**

## DISCUSSION

**I.     Plaintiff's Motion for Summary Judgment.**

Plaintiff appears to assert that he was denied information from the Bernalillo County Attorney's office and the "Association of Counties", on Jonlyn Martinez, who was at the time attorney for Defendants in this case. Plaintiff asserts that he "petitions this court, for intentional, negative withholding and default, exculpatory, and brady material, and the forfeiture [sic] award of this Court…" Plaintiff does not specify what information he seeks about Ms. Martinez or why he is entitled to it. Therefore, the Court concludes that Plaintiff has not satisfied his burden.

Alternatively, if Plaintiff is seeking summary judgment on the claims asserted in his complaint, he has not set forth any facts or legal authority that would entitle him to summary

judgment. Finally, Plaintiff attached a letter dated January 5, 2015, addressed to then New Mexico Governor Susana Martinez, alleging criminal conspiracy and that he was unlawfully fired as a state police officer. To the extent he seeks judgment on those claims, those appear to be claims against individuals who are not Defendants in this case.

Therefore, the Court **DENIES** Plaintiff's Motion for Summary Judgment **(Doc. 18)**.

II.     **Order to Show Cause Why Case Should Not Be Dismissed With Prejudice.**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted). As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation ...." *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). For a dismissal with prejudice under Rule 41, the Court applies the *Ehrenhaus* factors.[1] *Smith v. McKune*, 345 F. App'x 317, 319 (10th Cir. 2009).

Plaintiff's initial failure to appear at the Rule 16 conference or confer with Defendants' counsel was excused by the Court. Now, Plaintiff has failed to appear at his deposition, which was properly noticed by Defendants, and has failed to respond to two of Defendants' motions. Moreover, Plaintiff has failed to send his portion of the pretrial order to Defendants, as ordered by

---

[1] Where the statute of limitations has run, a dismissal without prejudice would in practical effect be a dismissal with prejudice. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

the Court. **Doc. 14.**

Based on the procedural history above, it appears that Plaintiff has repeatedly refused to follow Court orders or prosecute this case. The Court hereby **ORDERS** Plaintiff to respond to this Order to Show Cause within **fourteen (14) days** and provide good cause why he should not be sanctioned for failing to prosecute this case, respond to Defendants' motions, or attend his deposition. If Plaintiff fails to timely respond to this Order to Show Cause or fails to give good cause for his actions described above, the Court may dismiss this case with prejudice without further notice.

Moreover, Plaintiff has not responded to Defendants' Motion for Summary Judgment or to the Motion to Dismiss. The Court hereby **ORDERS** Plaintiff to respond to the Motion to Dismiss **(Doc. 28)** and Motion for Summary Judgment **(Doc. 29)** within **fourteen (14) days**. Failure to timely respond to those motions may result in this case being dismissed with prejudice without further notice.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE