# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN WALCK,

    Plaintiff,

v.                                                             No. 1:18-cv-00039 WJ/LF

BERNALILLO COUNTY BOARD OF COMMISSIONERS,
LEONARD ARMIJO, and PATRICK RAEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE PURSUANT TO RULE 41(b).

This matter comes before the Court on an Order to Show Cause Why Case Should Not Be Dismissed with Prejudice **(Doc. 35)**, and on Defendants' Motion to Dismiss Plaintiff's Claims for Continued Non-Participation of Plaintiff in Case Management and Discovery, to Include Plaintiff's Failure to Appear for his Own Deposition, filed November 16, 2018 **(Doc. 28)**. The Court issued the Order to Show Cause because Plaintiff failed to comply with Court orders and failed to prosecute this case or respond to dispositive motions. Plaintiff failed to respond to or comply with the Order to Show Cause. Therefore, Defendants' Motion is well-taken and is **GRANTED,** and this case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff filed his complaint in state court on December 14, 2017. **Doc. 1.** Plaintiff alleges that on December 17, 2015, Defendants violated his New Mexico constitutional rights by using excessive force during a traffic stop and discriminating against him based on age. **Doc. 1.** Defendants removed this case to this Court on January 12, 2018. *Id.*

United States Magistrate Judge Laura Fashing held a Rule 16 scheduling conference on March 2, 2018. Plaintiff failed to appear. Plaintiff also failed to participate in the meet and confer or cooperate in preparing the Joint Status Report. **Doc. 8.**

Judge Fashing issued an order to show cause. **Doc. 9**. The order to show cause directed Plaintiff to provide a written explanation showing good cause why he should not be sanctioned. The order specified that "the failure to comply with this order may result in a recommendation that the Court dismiss Mr. Walck's complaint without further warning." *Id.*

Judge Fashing issued a second order to show cause on March 15, 2018, but it appears that Defendant's response to the first order to show cause arrived that same day. **Doc. 10.** That second order to show cause contained the same warning that "failure to comply with this order may result in a recommendation that the court dismiss Mr. Walck's complaint without further warning." **Id.**

Plaintiff explained in his response that he had approached four different law firms to take his case, but all refused. Notably, Plaintiff attached a declination letter from one of those attorneys, who warned him that he had failed to attend a Rule 16 conference or follow Court orders, and that he was still bound to attend his hearings even while searching for an attorney.

Plaintiff attended a subsequent scheduling conference and at the hearing United States Magistrate Judge Laura Fashing accepted his explanations and entered an order providing as follows: "The Court accepts Mr. Walcks explanation and finds that Mr. Walck has fulfilled the requirements in the Orders to Show Cause to the Court's satisfaction. No sanctions will be imposed at this time." **Doc. 16.**

On October 4, 2018, Defendants served a Notice of Videotaped Deposition for Plaintiff. **Doc. 27.** Plaintiff failed to appear at the scheduled deposition on October 19, 2018.

Defendants subsequently filed a Motion to Dismiss for Continued Non-Participation of Plaintiff in Case Management and Discovery, to Include Plaintiff's Failure to Appear for his own Deposition, pursuant to Fed. R. Civ. P. 37(d) and 41(b), filed on November 16, 2018 **(Doc. 28)**. According to Defendants, Plaintiff failed to seek any discovery in support of his claims or to attend his own deposition. Discovery is now closed. **Doc. 14.** Plaintiff failed to respond to the motion to dismiss or respond to the Notice of Briefing Complete filed by Defendants. **Doc. 31.**

On November 29, 2018, Defendants filed a Motion for Summary Judgement on the Basis of Qualified Immunity and Lack of Evidence (**Doc. 29).** Plaintiff failed to respond to the motion or respond to the Notice of Briefing Complete filed by Defendants. **Doc. 32.**

It appears that Plaintiff failed to send his portion of his pretrial order to Defendants by January 14, 2019. Plaintiff was directed to do so in the Court's scheduling order. **Doc. 14.**

Finally, the Court issued the Order to Show Cause. **Doc. 35.** The Court directed Plaintiff to respond to the Order to Show Cause and provide good cause why he should not be sanctioned for failing to prosecute this case, respond to Defendants' motions, or attend his deposition. The Court also directed Plaintiff to respond to the two pending dispositive motions. The Court warned Plaintiff that his failure to comply with the order may result in sanctions, including dismissal of his case with prejudice. Plaintiff failed to file anything.

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc*., 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted). As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation ...." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). For a dismissal with prejudice under Rule 41, the Court applies the *Ehrenhaus* factors.[1] *Smith v. McKune*, 345 F. App'x 317, 319 (10th Cir. 2009).

Those factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions" *Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774–75 (10th Cir. 2014), *citing Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).

As explained below, Plaintiff's repeated failure to follow Court orders or prosecute this case warrants dismissal. Plaintiff's initial failure to appear at the Rule 16 conference or confer with Defendants' counsel was excused by the Court. Now, Plaintiff has failed to appear at his deposition, which was properly noticed by Defendants, and has failed to respond to two of Defendants' motions. Moreover, Plaintiff has failed to send his portion of the pretrial order to Defendants, as ordered by the Court. **Doc. 14.** Finally, Plaintiff failed to comply with the Order to Show Cause, which directed Plaintiff to respond to Defendants' dispositive motions and show good cause why he should not be sanctioned. The Court warned Plaintiff that failure to do so may result in dismissal of this case with prejudice. **Doc. 35.** Plaintiff has failed to give any

---

[1] Where the statute of limitations has run, a dismissal without prejudice would in practical effect be a dismissal with prejudice. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Under these circumstances, the Court applies the *Ehrenhaus* factors.

explanation for his actions.

Because any dismissal of this case will in effect be with prejudice, the Court applies the *Ehrenhaus* factors as follows. First, Defendants have been prejudiced. They have defended this case for over one year, while Plaintiff has done little to nothing. Defendants, because they have not been able to take a deposition of Plaintiff, have been unable to prepare a proper defense to the claims. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1145–46 (10th Cir. 2007), *citing Gripe v. City of Enid, Okl.,* 312 F.3d 1184, 1188 (10th Cir. 2002) (concluding that district court rested its dismissal order on "appropriate considerations" under *Ehrenhaus* test when it found "on at least two occasions that plaintiff's failure to follow court orders and rules had inconvenienced and prejudiced defendants and the court"); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (prejudice included delay and mounting attorney fees caused by plaintiff failing to attend pretrial conferences, submit proposed pretrial order, or appear at deposition.).

Second, Plaintiff has interfered with the judicial process by repeatedly failing to prosecute this case, respond to motions, or follow Court orders. *See Jones*, 996 F.2d at 265 (repeatedly ignoring court orders hindered court's management of its docket and efforts to avoid unnecessary burdens on court and opposing party).

Third, Plaintiff's repeated refusal to follow Court orders or participate in this case, as detailed above, indicate that his actions were willful rather than inadvertent.

Fourth, Plaintiff had notice that dismissal was a possibility in three orders issued by United States Magistrate Judge Laura Fashing. **Docs. 9, 10, and 12.** Under the totality of the circumstances, the Court concludes that Plaintiff had, at the very least, constructive notice that failure to comply with Court orders may result in dismissal of his case. *Ecclesiastes 9:10-11-12,*

*Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1150 (10th Cir. 2007). Finally, Plaintiff had *actual notice* that his case would be dismissed if he failed to respond to the Order to Show Cause or respond to Defendants' dispositive motions. **Doc. 35.**

Fifth, the Court believes that dismissal is the minimum appropriate sanction, because as explained above, Plaintiff has repeatedly refused to follow Court orders or prosecute this case. *See Jones*, 996 F.2d at 265-66 (no lesser sanction would be effective where plaintiff repeatedly failed to follow court orders). Plaintiff has not suggested a lesser sanction. The Court agrees with Defendants that Plaintiff's repeated failures show a willful disregard or disinterest in prosecuting his case.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this case and failure to comply with Court orders.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss **(Doc. 28)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment **(Doc. 29)** is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Court will issue a separate judgment.

_____
CHIEF UNITED STATES DISTRICT JUDGE